[File No. 7248]

IN THE MATTER OF CONFIRMATION OF CONTRACT between Fort Clark Irrigation District of Mercer and Oliver Counties, North Dakota and the United States.

Certified Questions of Law from the District Court of Mercer and Oliver Counties, Broderick, J.

(48 NW2d 741)

Opinion filed May 17, 1951

*Sullivan, Kelsch* and *Scanlon,* for petitioner.

*I. A. Acker,* Special Assistant Attorney General, for Water Conservation Commission—Amicus Curiae.

SATHRE, J.: The directors of the Fort Clark Irrigation District of Mercer and Oliver counties petitioned the district court of the sixth judicial district, Oliver and Mercer counties for an order approving and confirming their proceedings leading up to the making and entering into a contract with the United States for the establishment and maintenance of an irrigation system consisting of works and facilities for the irrigation of lands within the district and the levying of special assessments to meet the financial obligations of the district as provided by section 61–0723 RCND 1943. There was no adverse appearance at the hearing on the petition. The court, however, held that the proceedings had for the organization of the irrigation district were

illegal and void but stated that there was some doubt as to the correctness of its decision and the case now comes to this court for determination of certified questions pursuant to the provisions of Chapter 32–24 RCND 1943.

The record and exhibits in the case show that the proceedings had in the organization of the irrigation district are as follows:

On the 3rd day of July 1948 a petition was filed with J. J. Walsh, state engineer, signed by thirteen residents and qualified electors of Mercer and Oliver Counties, North Dakota, petitioning and requesting the state engineer to establish an irrigation district under the provisions of and in conformity with the laws of North Dakota and particularly Chapter 372 of the Session Laws of North Dakota for 1947. The proposed irrigation district consists of portions of Mercer and Oliver counties, State of North Dakota.

The petition was signed by the owners of a majority of the total number of acres of land in the proposed district. Attached to the petition was a map entitled "Fort Clark Unit", North Dakota showing the boundaries of the proposed district and location of the works by which it was intended to irrigate the lands within the district and other facts and information required, which map was duly certified by Bruce Johnson a federal irrigation engineer January 27, 1948.

The petition was accompanied by a bond in double the amount of the probable cost of organizing the district including the cost of the first election as required by section 60–0509 RCND 1943 as amended.

A hearing upon this petition was duly held before the state engineer on the 9th day of September 1948, at the court house at Stanton, Mercer County, North Dakota at 10 o'clock A.M. after due and legal notice given as required by section 61–0510. No one appeared to contest the petition.

That thereafter and on the 21st of October 1948, J. J. Walsh, state engineer made findings of fact and conclusions as provided by section 61–0513 1949 Supplement to RCND 1943, to the effect that the petition was in proper and legal form, and that the proceedings were regular, and that the total number of acres

included within the boundaries of the proposed district was 5,924.79 acres, of which 1882 acres were irrigable and 4,042.79 were non-irrigable.

That upon said findings of fact and conclusions the state engineer made his order establishing said irrigation district in accordance with the boundaries described in the petition and map attached thereto and designating the name thereof as "Fort Clark Irrigation District."

Thereafter the state engineer called an election for the purpose of submitting to the electors within the irrigation district the question as to whether or not the order of the state engineer establishing the district should be approved. After due and legal notice, an election was held on the 23rd day of November 1948, at the court house at Stanton, Mercer County, North Dakota. The order of the state engineer establishing the Fort Clark Irrigation District was unamimously approved by the electors and a board of directors for the irrigation district was elected consisting of three members as provided by Section 61–0514 1949 Supp RCND 1949.

Following the election held November 24th 1948, the state engineer prepared findings of fact and conclusions and made his order declaring Fort Clark Irrigation District to have been duly organized and established, and that the three directors elected at said election were duly authorized and empowered to serve as members of the board of directors of the Fort Clark Irrigation District and to exercise all powers and perform all duties imposed upon them by law until their successors shall have been duly elected and qualified. Section 61–0518 RCND 1943.

That on the 21st day of September 1948, the state engineer filed in the office of the Secretary of State of North Dakota, a copy, duly certified by him, of his order declaring Fort Clark Irrigation District duly organized as an irrigation district, and the Secretary of State made and issued to the state engineer, a certificate under the seal of the State, certifying that said irrigation district was duly organized as provided by Section 61–0519 RCND 1943.

On the 7th day of September 1950 the directors of the Fort

Clark Irrigation District called a special election to be held on the 3rd day of October 1950 at the Deapolis Union Baptist Church in Sec. 25, Twp. 144, Rge. 84 Mercer County, North Dakota for the purpose of submitting to the electors of said district for their approval or disapproval of a proposed contract between the irrigation district and the United States for the construction, operation and maintenance of a system of works for the irrigation of lands within the district and for repayment of construction costs of irrigation facilities.

That due and legal notice of said special election was given as required by law, and the proposition submitted was approved by the electors by a substantial majority, Section 61–0731.

On the 9th day of November 1950, the members of the board of directors of the Fort Clark Irrigation District presented to and filed with the Hon. L. C. Broderick, Judge of the District Court, Sixth Judicial District, a duly verified petition praying that the proceedings of the Board of Directors of the Fort Clark Irrigation District of Mercer and Oliver Counties, North Dakota, including the entering into a contract with the United States for the establishment and maintenance of an irrigation system consisting of works and facilities for the irrigation of lands within the district, and the levying of special assessments to meet the financial obligations of the district, be judicially approved and confirmed by the Court, as provided by section 61–0723 RCND 1943.

An order was duly made by the district court fixing the 22nd day of December 1950 at 2 o'clock P.M. at the courtroom of said Court at the court house in the city of Mandan, Morton County, North Dakota for hearing the said petition.

At the hearing the district court found and determined that the notice of filing the petition had been posted and published as provided by law, and that a copy of such notice was served on each land owner within the district by registered mail, and that the court had jurisdiction to hear the petition and to proceed with the hearing. No protest was made or filed against the approval and confirmation of the proceedings by any person interested in the irrigation district.

The district court, after having considered the record and exhibits, made and filed its memorandum opinion in which it held the proceedings had for the organization of the Fort Clark Irrigation District wholly void and illegal. We quote from the memorandum opinion:

"In view of the fact that the state engineer and the board of directors of the Fort Clark Irrigation District have included the said 4042.79 acres of non-irrigable land and are still holding the same in the Fort Clark Irrigation District, in violation of section 61–1016, this court is of the opinion that the proceedings for the organization of the Fort Clark Irrigation District are wholly void and illegal and in violation of the mandatory terms of our irrigation laws, and the court so holds, and therefore cannot confirm such proceedings. Neither the state engineer nor the District Irrigation Board can render nugatory the express mandatory terms of the statute."

The directors of the Irrigation District then made application to the court for an order certifying the questions of law involved to this court for final review which application was granted and the court made its order certifying the following questions of law to this court for review and final determination:

"Where the state engineer finds that the petition filed for the organization of the Fort Clark Irrigation District covered an area containing 1882 acres of irrigable and 4,042.79 acres of non-irrigable lands, and where the state engineer, in his order establishing said irrigation district, nevertheless included such non-irrigable acreage within the boundary lines of said Irrigation District, does the inclusion by the state engineer of 4,042.79 acres of non-irrigable lands within the boundaries of said irrigation district render his order:

1. Entirely void for want of jurisdiction so as to require the district court to deny the petition filed by the irrigation district under Section 61–0723 to 61–0727 RCND 1943, requesting approval and confirmation of proceedings preliminary to the making of a contract with the United States.

2. Partially void for want of jurisdiction over the non-irrigable lands included within the boundaries of said irrigation dis-

trict so as to permit the court in the confirmation proceedings to which reference is made in paragraph 1 hereof, to approve and confirm the proceedings only as to their irrigable lands included within the district; or

3. May said order be nevertheless approved and confirmed in its entirety where, as in this case, the owners or interested persons have failed either to appeal to the District Court from said Order (61–0520 RCND 1943) or to file a petition for the exclusion of their non-irrigable lands prior to the approval of the proposed repayment and water service contract to be entered into with the United States by the electors at a special election held pursuant to Section 61–0731 RCND 1943."

The statute upon which the district court bases its decision is section 61–1016 RCND 1943, which is as follows:

"The board at the time and place mentioned in the notice, or at the time to which the hearing of the petition may be adjourned, shall proceed to hear the petition and all objections thereto presented in writing. The failure of any person interested in the district to show cause in writing why the tract or tracts of land mentioned in the petition should not be excluded from said district, shall be deemed an assent by him to the exclusion of such tract or tracts, or any part thereof, from said district. The filing of a petition with the board praying for the exclusion of lands from the district shall be deemed an assent by each petitioner to the exclusion from such district of the lands mentioned in the petition, or any part thereof. In no case. shall any land be held by a district or taxed for irrigation purposes if from any natural cause it cannot be irrigated thereby".

The question to be determined is therefore whether under the statute quoted the state engineer is prohibited from approving a petition for the organization of an irrigation district, unless it is established as a fact that every parcel of land included therein is irrigable. In other words, is it a jurisdictional prerequisite to consideration of the petition by the state engineer that all of the land described therein must be irrigable?

Section 61–0513 1949 Supp RCND defines the duties and powers of the state engineer when a petition is presented and filed for his consideration and reads as follows:

"If the state engineer shall have found and determined that the establishment of the proposed irrigation district is advisable, and that the plan proposed for irrigating the lands therein is practicable and economically sound, he shall make an order establishing such irrigation district, subject to the approval of the electors of the district at an election called by the state engineer for that purpose. . . . Such order shall set forth: 1. The time and place of holding such election; 2. The boundaries of the district; 3. That a petition sufficient in form and substance was filed with the state engineer. 4. That due and reasonable notice of time and place of hearing on petition was given to the qualified electors of the proposed irrigation district. A copy of such order shall be filed with the county auditor of each county in which the irrigation district is situated. Such order shall be prima facie evidence of the matter and facts therein stated."

Under the provisions of section 61–0507 1949 Supp RCND, the filing of a petition signed by a majority of qualified electors owning a majority of the acres of land to be included within the irrigation district and the giving of notice of hearing and a reasonable opportunity to be heard confers jurisdiction upon the state engineer to establish irrigation districts subject to approval by the electors at a special election as required by law. See 30 Am Jur page 655, sec. 80.

The order establishing the irrigation district was duly made by the state engineer as provided by section 61–0513 supra. In this order he made findings of fact and a report showing the probable cost of the proposed works; that the plan of irrigation provided for therein is practical and feasible; that a copy thereof was filed in the offices of the County Auditors of Oliver and Mercer Counties; and that a copy of said report was submitted to the electors at the time of the hearing of the petition for the creation of said irrigation district upon its merits.

Chapter 61–05 RCND 1943 as amended by chapter 372 of the Session Laws of 1947 prescribes the procedure for the organization of irrigation districts.

The record and exhibits in this case fully establish that there

has been full compliance with the statutes governing organization of irrigation districts from the filing of the initial petition with the state engineer to the execution and filing with the Secretary of State by the state engineer the certificate declaring the irrigation district to be duly organized. No objection was made at any stage of the organization proceedings by any person interested in the organization of the irrigation district; nor was any appeal taken to the district court under the provisions of section 61–0520 RCND 1943.

The district court refused to approve and confirm the proceedings for the organization solely on the ground that the district included lands designated as non-irrigable and based its conclusions on the proviso at the end of section 61–1016 RCND 1943, which is as follows: "In no case shall any land be held by a district *or taxed* for irrigation purposes if from any natural cause it cannot be irrigated thereby."

Chapter 61–10 relates to changes in the boundaries of irrigation districts and prescribes the method of procedure for including additional land in the district, or for excluding lands which are within the boundaries of an organized district. Section 61–1014 RCND 1943 provides that owners of land in an irrigation district desiring to have land excluded from such district may file with the board of directors a petition praying that such tracts and any other tracts contiguous thereto be excluded and taken from the district, describing the boundaries of the lands, sought to be excluded, and containing other pertinent particulars. Section 61–1015 RCND 1943, provides for notice of hearing upon such petition by the board of directors.

It is clear that section 61–1016 quoted herein and upon which the district court bases its decision has application to proceedings brought for the purpose of excluding lands from an irrigation district. The proceedings provided for in chapter 61–10 can only be brought where a district is duly organized, and has a board of directors authorized and empowered to act on petitions for exclusion of lands from the district. This is clearly implied from the very language of the statute that "in no case shall any land be held by the district or taxed for irrigation

purposes if from any natural cause it cannot be irrigated thereby". This language implies first, that the land is held within a legally organized district, and second that the board of directors are required to exclude a tract of land when a petition for exclusion is properly under consideration and it appears upon sufficient proof that such tract is non-irrigable from natural causes.

Section 61–1016 must be construed together with other statutes in the same chapter. That the board of directors have power to take action in such cases clearly appears from section 61–1017 which is as follows:

"If the board does not deem it for the best interest of the district that the lands mentioned in the petition, or some portion thereof, should be excluded from the district, it shall deny the petition. If it deems it for the best interests of the district, that the lands mentioned in the petition, or some portion thereof, be excluded from the district, and if no person interested in the proposed change of its boundaries shows cause in writing why the proposed change should not be made, or having shown cause, the same is withdrawn, and if there are no outstanding bonds or improvement warrants of the district, and if there is no contract between the district and the United States, or any department or agency thereof or with the state water conservation commission, or with any person, firm or corporation, the board then may order the lands mentioned in the petition or some defined portion thereof excluded from the district."

If all non-irrigable lands were to be excluded from an irrigation district, the state engineer would have to make a topographic survey, determine the character of the soil and describe by metes and bounds every irrigable tract of land. This would be an involved and laborious process and make it highly impracticable to establish a workable system of irrigation.

Section 61–0511 1949 Supp RCND defines the duties and powers of the state engineer with respect to fixing boundaries of irrigation district, and reads as follows:

"At the hearing provided in Section 61–0510, the state engineer may amend the plan of irrigation proposed in the petition provided in section 61–0507. The state engineer may adjourn such

hearing from time to time and may make such changes in the proposed boundaries of the district as he shall deem advantageous and advisable, but the boundaries of the district proposed in the petition for its organization shall not be enlarged or extended until the electors who own a majority of the acres of land subject to assessments for construction or other costs to be included in the extension have in writing consented thereto."

It is clearly established by the record in this case that from the initial peition by the land owners to a hearing upon the petition for approval and confirmation by the district court of the contract with the United States, there have been complete acquiescence and consent by all parties interested in the establishment of the irrigation district.

The record and exhibits in these proceedings show that every landowner within the irrigation district was served with notice of the special election held on October 3, 1950, on the question of approval or disaproval of a proposed contract with the United States for the establishment and maintenance of an irrigation system consisting of works and facilities within the district, and that a copy of said proposed contract was served with the notice; and that at such election 77 votes were cast; that 61 votes were cast for approval of said proposed contract and 16 votes were cast against said proposed contract.

The record further shows, and the district court so found, that due and legal notice of the hearing of the petition for approval and confirmation of the organization proceedings of the irrigation district leading up to the entering into the proposed contract with the United States was served and published as provided by section 61–0724 RCND 1943, and that no land owner or other person interested in said irrigation district appeared at the hearing in opposition to such approval and confirmation.

The Fort Clark Irrigation District is legally organized and is qualified to enter into the proposed contract with the United States. The petitioners are entitled to a decree of the court as prayed for approving and confirming the proceedings had for the organization of the district.

The answer to the first question certified is no, and this also disposes of the issues raised by questions two and three.

The order of the district court is reversed and the case is remanded for further proceedings according to law.

MORRIS, C. J. and GRIMSON, CHRISTIANSON and BURKE, JJ., concur.